```
1  LOUIS A. LEONE, ESQ. (SBN: 099874)
   SETH L. GORDON, ESQ. (SBN: 262653)
2  **LEONE & ALBERTS**
   A Professional Corporation
3  1390 Willow Pass Rd., Suite 700
4  Concord, CA  94520
   Telephone:  (925) 974-8600
5  Facsimile:  (925) 974-8601
6  E-Mail:  lleone@leonealberts.com
            sgordon@leonealberts.com
7
   Attorneys for Defendant
8  LOS RIOS COMMUNITY COLLEGE DISTRICT
```

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD H. FRANCIS,<br><br>Plaintiff,<br><br>vs.<br><br>LOS RIOS COMMUNITY COLLEGE DISTRICT,<br><br>Defendant. | **Case No.: 2:19-cv-00060-MCE-DB**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>[Fed. R. Civ. Pro. 12(b)(6)]<br><br>Date:  **January 31, 2020**<br>Time:  **10:00 a.m.**<br>Judge:  **Hon. Deborah Barnes**<br>Crtrm:  **27, 8th Floor** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 31, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 27 of the above-entitled court, located at 501 I Street, Sacramento, California, Defendant LOS RIOS COMMUNITY COLLEGE DISTRICT (the "District") will and hereby does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the dismissal of the sole claim for relief asserted in the Complaint filed by Plaintiff RICHARD H. FRANCIS ("Plaintiff") for violation of the First Amendment. Dismissal is appropriate under Rule

12(b)(6) because Plaintiff has failed to allege facts sufficient to state a claim against the District in that the District is not a "person" within the meaning of 42 U.S.C. § 1983 and the District is entitled to immunity under the Eleventh Amendment on this claim.

This motion is based on this notice of motion and motion, the memorandum of points and authorities set forth below, all pleadings in this action, as well as any evidence or arguments that may be offered in the brief in reply or at a hearing on this motion.

Dated:  December 16, 2019                **LEONE & ALBERTS**

_____
LOUIS A. LEONE, ESQ.
SETH L. GORDON, ESQ.
Attorney for Defendant
LOS RIOS COMMUNITY COLLEGE DISTRICT

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Richard H. Francis ("Plaintiff"), proceeding pro se, brings this action against the Los Rios Community College District (the "District"). Plaintiff alleges that the District violated his rights under the First Amendment by suspending him after he submitted an essay for class (on an on-line discussion board) containing highly offensive and threatening comments directed at African Americans, Jews, and Mexicans. The suspension was based on the District's policies and regulations prohibiting race-based harassment, disruptive behavior (including habitual use of profanity or vulgarity), and threats of violence.

The District now moves to dismiss the claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under well-settled law, the District is not a "person" within the meaning of 42 U.S.C. § 1983 and cannot be sued under that statute. *Carmen v. San Francisco Unified Sch. Dist.,* 982 F.Supp. 1396, 1402-03 (N.D. Cal. 1997). Additionally, Plaintiff's claim against the District is barred by the Eleventh Amendment. *Id.*, at 1402; see also *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994).

Because the District cannot be sued under Section 1983 and because the claim is barred by the Eleventh Amendment, Plaintiff's claim against the District fails as a matter of law and should be dismissed with prejudice.

## FACTUAL ALLEGATIONS

Richard H. Francis ("Plaintiff"), proceeding pro se, filed this action on January 9, 2019. (ECF No. 1). The only named defendant is the Los Rios Community College District (the "District"). (*Id.*, p. 1).[1] The District is a public college district formed pursuant

---

[1] All page references are to the ECF page numbers. On pages 5 and 6, Plaintiff indicates that he is not naming any individual as a defendant and that the District is incorporated under the laws of California. (ECF No. 1 pp. 5-6).

1 to the Education Code.[2] For the basis of his claim, Plaintiff states: "Bill of Right[s] / 1st
2 Amendment / Freedom of Speech." (*Id.*, p. 5). In the "Statement of Claim" portion of the
3 complaint, Plaintiff states: "Whether-or-not the Two Year Suspension from a
4 government school as punishment for submitting an essay violates 1st Amendment
5 Freedom of Speech Right of the Bill of Rights." (*Id.*, p. 6). For relief, Plaintiff asks the
6 court to "[r]einstate student status, clear record of charges, and either: fire officials, or
7 else pay compensatory and punitive damages of $10,000." (*Id.*, p. 7).

There are a number of attachments to Plaintiff's complaint, including the notice of suspension issued by the District (ECF No. 1, pp. 25-28), the online discussion board posts that led to Plaintiff's suspension (*id.*, pp. 14-23), and a letter informing Plaintiff that the Disciplinary Appeals Committee recommended a two-year suspension (*id.*, pp. 32-33).

The attachments to the complaint contain the following facts. Plaintiff is a 70-year-old white male who has taken courses within the District for more than twelve years. (*Id.*, p. 9, 26). During the 2018-2019 school year, Plaintiff registered for and participated in a Sociology class that required students to post essays on an online discussion board, which could be reviewed by the instructor and other students in the class. (*Id.*, pp. 9, 25-26). Within the first three weeks of the class, Plaintiff made multiple postings on the online discussion board containing gratuitous use of racial slurs, derogatory comments directed at racial and ethnic groups, and threatening comments regarding killing Black people. (*Id.*, pp. 9-10, 14-23).

Plaintiff's postings are attached to the complaint. (ECF No. 1, pp. 14-23). The postings came in response to a prompt by the instructor for students to choose an online news or academic article relating to the course. (*Id.*, p. 26). The instructor asked students to summarize the article in two paragraphs and write a third paragraph reacting

---

[2] See District Board Policy 3111. (Noting that the District derives its authority from Education Code § 70902). Board Policy 3111 is available online at https://losrios.edu/docs/lrccd/board/policies/P-3111.pdf.

2            CASE NO. 2:19-cv-00060-MCE-DB
NOTICE OF MOTION AND MOTION TO DISMISS

1  to the article. (*Id.*). Plaintiff did not follow this prompt. (*Id.*) Rather, he chose to critique
2  the text book for the course called "The New Jim Crow." (*Id.*, p. 15). In doing so, Plaintiff
3  stated that "Blacks" commit more crimes than "Whites." (*Id.*, p. 15). He refers to "illegal
4  immigrants, Blacks, and other people of color" as "scumbags" and states that he is glad
5  they can't vote or serve on juries. (*Id.*, p. 16). He states that he is "prepared to try and
6  kill my assailants" and "[t]he last thing I want to have to worry about is the jury being
7  packed with Black, ex-convicts, who are aware that I killed one of their 'brothers'[.]" (*Id.*,
8  p. 17). He states that "[t]his is an Anglo-American Society and Culture, and there is no
9  way in the White Devil's Hell that this place should be given over to the control of the: 1)
10 descendants of its ex-slaves; 2) wet-backs, and 3) multicultural economic immigrants."
11 (*Id.*) He states that, "[i]f left to their devices, Black [sic] will seek to dominate Whites,
12 whereas Whites just wish to be left alone, so their kids can go to school … instead of
13 being victimized by Blacks." (*Id.*, p. 18). He states that "White inmates need to be
14 segregated" because "Whites" will "get sodomized and wrongfully exposed to AIDS from
15 being raped by the apes." (*Id.*, p. 20).

16       Plaintiff then discusses a number of groups he defines as "Wet-Backs," "Jew
17 Boys," and "Blacks." (ECF No. 1 pp. 20-23). He defines "Wet-backs" as "undocumented,
18 illegal, economic, immigrates [sic] that surreptitiously cross the southern border
19 between Mexico and the United States." (*Id.*, p. 20). Plaintiff then states that "Mexican-
20 Americans" who are the children of "Wet-backs" are not true Americans even if born in
21 the United States because their ancestors were criminals. (*Id.*, p. 21). Regarding "Jew-
22 Boys," Plaintiff defines them as "Hebrew-American" gangsters involved in organized
23 crime. (*Id.*, pp. 21-22). He also states that "Jew[s] were notorious homosexuals." (*Id.*, p.
24 23). Next, as to "Blacks," Plaintiff states that, rather than calling them the "N word," he
25 would refer to them as "God's Children." (*Id.*, pp. 22-23.) He explains: "God's Children
26 involves the immaculate-conception explanation for lack of paternity, since, like Jesus,
27 fathers are a mystery." (*Id.*, p. 22). He goes on to discuss black girls as young as 13
28 being raped by members of their immediate family such as their brothers and fathers.

(*Id.*, pp. 17, 22). According to Plaintiff: "Being one of God's Children is no compliment … denoting the immaculate-conception alibi for no father in the household, or knowledge of who it was that incriminated [sic] the woman, who had the baby anyway; so as to get paid welfare." (*Id.*, p. 23).

On September 21, 2018, Plaintiff met with administrators and staff from the District to discuss his posts. (ECF No. 1, p. 25). He was asked if he understood that he had created a "hostile and offensive learning environment with [his] posting." (*Id.*) Plaintiff stated that "if students could not take it, the students should drop the class" and that, "as a 70 year old man, [he] ha[s] a right to say whatever [he] wanted." (*Id.*, pp. 25-26). Plaintiff was also informed that this was not the first time he was in trouble for creating a racially hostile environment in class. (*Id.*, p. 25).

Plaintiff was issued a notice of suspension on October 23, 2018. (ECF No. 1, p. 25). He was informed that his discussion board postings were racially offensive, threatening, and created a hostile learning environment in violation of Board Policy 2113 and Administrative Regulation 2441. (*Id.*, pp. 26-27). Plaintiff appealed the suspension. (*Id.*, p. 31). On December 12, 2018, he received notice from the Sacramento City College President that the Disciplinary Appeals Committee recommended a two-year suspension, which would be imposed. (*Id.*, pp. 32-33).

## ARGUMENT

### I.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must assume all well-pleaded facts are true, the court is not required to accept legal conclusions "couched as factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor is the court "required to accept … allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal is appropriate if the complaint lacks a cognizable legal

theory or if there is an absence of sufficient facts to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

## II.     The District Is Not a "Person" Under 42 U.S.C. § 1983 and Cannot Be Sued Under That Statute

It is clear from Plaintiff's complaint that he is alleging violation of the First Amendment and that the only named defendant is the District. Plaintiff does not cite 42 U.S.C. § 1983 in his complaint. However, the Ninth Circuit has made clear that constitutional violations ***must*** be asserted under Section 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("[w]e have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").

Section 1983 provides that "[e]very ***person*** who," under the color of state law, deprives a person of their federal constitutional rights, "shall be liable to the party injured in an action at law …." 42 U.S.C. § 1983 (emphasis added). By its terms, the statute only applies to "persons." The U.S. Supreme Court has made clear that governmental entities are not "persons" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Further, it is well-settled in the Ninth Circuit that, under California law, school and college districts are considered state agencies for the purposes of Section 1983. *Carmen v. San Francisco Unified Sch. Dist.*, 982 F.Supp. 1396, 1402-03 (N.D. Cal. 1997); see also *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992). The Ninth Circuit has expressly held that community college districts—such as the District in this case—are state agencies under California law. *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994).

Because Plaintiff's First Amendment claim must be brought under Section 1983, and because the District cannot be sued under that statute, Plaintiff's claim under the First Amendment against the District should be dismissed with prejudice.

NOTICE OF MOTION AND MOTION TO DISMISS

**III.     The District is Entitled to Immunity Under the Eleventh Amendment**

The Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. See e.g., *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). As indicated in the previous section, Plaintiff can only bring his First Amendment claim under 42 U.S.C. § 1983. The Supreme Court has made clear that immunity under the Eleventh Amendment has not been abrogated with respect to Section 1983 claims. *Quern v. Jordan*, 440 U.S. 332, 341-42 (1979). Moreover, the Ninth Circuit has expressly held that, under California law, school districts—including community college districts—are considered state agencies for purposes of the Eleventh Amendment and therefore immune from suit. *Belanger*, 963 F.2d at 251 (holding that school districts are state agencies for purposes of the Eleventh Amendment); *Cerrato*, 26 F.3d at 972 (affirming dismissal of Section 1983 claim against community college district under Eleventh Amendment); *Carmen*, 982 F.Supp. at 1402-03 (same).

Pursuant to the above authorities, Plaintiff's claim against the District is barred by the Eleventh Amendment. As such, the claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court grant this motion and dismiss and dismiss Plaintiff's First Amendment claim against the District with prejudice.

Dated:  December 16, 2019        **LEONE & ALBERTS**

_____
LOUIS A. LEONE, ESQ.
SETH L. GORDON, ESQ.
Attorney for Defendant
LOS RIOS COMMUNITY COLLEGE DISTRICT

NOTICE OF MOTION AND MOTION TO DISMISS