UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD H. FRANCIS,<br><br>    Plaintiff,<br><br>v.<br><br>LOS RIOS COMMUNITY COLLEGE DISTRICT,<br><br>    Defendant. | No. 2:19-cv-0060 MCE DB PS<br><br>ORDER |

Plaintiff Richard Francis is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 20.) Also pending are plaintiff's motion for the appointment of counsel, motion for contempt, motion for sanctions, motion to strike, motion regarding service, and amended motion for permission to file electronically. (ECF Nos. 6, 8, 10, 28, 29, 37.) For the reasons stated below, defendant's motion to dismiss will be granted, plaintiff's motions will be denied, and plaintiff will be granted leave to file an amended complaint.

////

////

1

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on January 19, 2019, by filing a complaint and an application to proceed in forma pauperis. (ECF Nos. 1 & 2.) The complaint alleges that defendant, Los Rios Community College District, ("District"), "violated Plaintiff's Constitutional Right to Free Speech by suspending him for 2-years because of an essay he authored." (Compl. (ECF No. 1) at 9.[1]) Specifically, plaintiff submitted an essay in an "Administration of Justice" class reviewing the book "The New Jim Crow" and a second essay "to start trouble and compel litigation[.]" (Id. at 9, 11.)

Plaintiff's essays allegedly violated several school rules and regulations. (Id. at 9.) Between September 5, 2018, and December 12, 2018, plaintiff "was prosecuted by Administrative Law" and eventually "was kicked out of school." (Id.) On October 1, 2019, the undersigned granted plaintiff's motion to proceed in forma pauperis and ordered service on the defendant. (ECF No. 3.)

On December 16, 2019, defendant filed the pending motion to dismiss. (ECF No. 20.) Plaintiff filed an opposition on December 30, 2019, and an amended opposition on January 10, 2020. (ECF Nos. 25 & 27.) Defendant filed a reply on January 21, 2020. (ECF No. 33.) The undersigned took defendant's motion to dismiss under submission on January 27, 2020. (ECF No. 35.)

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

**I.     Defendant's Motion to Dismiss**

Defendant's motion to dismiss asserts that the District is entitled to immunity pursuant to the Eleventh Amendment. (Def.'s MTD (ECF No. 20) at 8.) In general, the Eleventh

3

1  Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or
2  congressional abrogation of that immunity.  Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984);
3  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama
4  Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also
5  Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir.
6  2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of
7  relief, absent unequivocal consent by the state.").

8  To be a valid waiver of sovereign immunity, a state's consent to suit must be
9  "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also
10 Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245.  "[T]here can be no consent
11 by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co.,
12 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable presumption against waiver,"
13 Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed
14 strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires."
15 United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal
16 quotation marks omitted).  "To sustain a claim that the Government is liable for awards of
17 monetary damages, the waiver of sovereign immunity must extend unambiguously to such
18 monetary claims."  Lane, 518 U.S. at 192.

19 The Ninth Circuit has recognized that "[t]he State of California has not waived its
20 Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and
21 the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh
22 Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir.
23 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

24 "[T]he Eleventh Amendment bars a federal court from hearing claims by a citizen against
25 dependent instrumentalities of the state." Cerrato v. San Francisco Community College Dist., 26
26 F.3d 968, 972-73 (9th Cir. 1994).  "[C]ommunity college districts are dependent instrumentalities
27 of the state of California."  Id.  Thus, community college districts are entitled to immunity under
28 the Eleventh Amendment.  See Johnson v. Rancho Santiago Community College Dist., 623 F.3d

4

1011, 1021 (9th Cir. 2010) ("Absent a waiver, the District would be entitled to sovereign immunity because California community college districts constitute arms of the state entitled to sovereign immunity under the Eleventh Amendment."); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988) ("Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.").

Accordingly, the District is entitled to immunity under the Eleventh Amendment and defendant's motion to dismiss must be granted.

**II.     Leave to Amend**

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Although defendant is entitled to immunity pursuant to the Eleventh Amendment a claim for prospective declaratory or injunctive relief against a state official in their official capacity is not barred by the Eleventh Amendment.  See Doe v. Regents of the University of California, 891 F.3d 1147, 1153 (9th Cir. 2018) ("Under the Ex parte Young exception to that Eleventh Amendment bar, a party may seek prospective injunctive relief against an individual state officer in her official capacity."); Rounds v. Oregon State Bd. of Higher Educ., 166 F.3d 1032, 1036 (9th Cir. 1999) ("The Eleventh Amendment does not bar the Students' claim for declaratory and injunctive relief against the individual defendants, sued in their official capacities, who have responsibility for the administration of the Fees."); Wasson v. Sonoma County Jr. College Dist., 4 F.Supp.2d 893, 903 (N.D. Cal. 1997) ("When a plaintiff sues a state official in his or her official capacity for a violation of federal constitutional or statutory law, the federal court may award an injunction governing the official's future conduct, but may not award retroactive monetary relief.").

Accordingly, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**III.     Plaintiff's Various Motions**

   **A.     Motion to Appoint Counsel**

On October 15, 2019, plaintiff filed a document seeking the appointment of counsel. (ECF No. 6.) Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her


claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, plaintiff's complaint has been dismissed with leave to amend.  Therefore, at this stage of the proceedings the undersigned cannot evaluate plaintiff's likelihood of success on the merits or ability to articulate claims.  Accordingly, plaintiff's request for the appointment of counsel will be denied.

### B.     Motions for Sanctions

On November 13, 2019, plaintiff filed a motion seeking an order sanctioning the United States Marshal for allegedly losing "plaintiff's case file" and delaying service on the defendant.  (ECF No. 8 at 2.)  Then on November 19, 2019, plaintiff filed a motion seeking sanctions against the Marshal for "losing the case file and then failing to serve the papers in a timely manner[.]"  (ECF No. 10 at 2.)  Defendant, however, has appeared in this action and plaintiff's complaint will be dismissed because defendant is immune.  In this regard, even assuming *arguendo* that the Marshal delayed service on the defendant, plaintiff has suffered no adverse consequence.

Accordingly, plaintiff's motions for sanctions are denied.

### C.     Motion to Strike

On January 10, 2020, plaintiff filed a motion to strike.  (ECF No. 28.)  A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"  Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation."  LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the

7

litigation.  Fantasy, Inc., 984 F.2d at 1527.  "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person.  Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

Ultimately, whether to grant a motion to strike applying these standards lies within the sound discretion of the district court.  Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[2]

Here, plaintiff's motion seeks to strike "Defendant's Wrong Interpretations from [the] Factual Allegations."  (ECF No. 28 at 1.)  However, as noted above, in evaluating defendant's motion the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon, 467 at 73.  And the undersigned's analysis of defendant's assertion of immunity did not rely on any factual allegations by defendant.

Accordingly, plaintiff's motion to strike will be denied.

**D.     Motion to Serve**

On January 10, 2020, plaintiff filed a motion seeking "the COURT order the USM to serve the State Attorney General this version of the NOTICE OF UNCONSTITUTIONALITY." (ECF No. 29 at 2.)  The State Attorney General, however, has not been named as a defendant in this action nor does the complaint state a claim against the State Attorney General.  (Compl. (ECF No. 1) at 1.)

Accordingly, plaintiff's motion to serve will be denied.

**E.     Amended Motion for Permission to File Electronically**

On March 12, 2020, plaintiff filed an amended motion for permission to file electronically.[3]  (ECF No. 37.)  Plaintiff's motion seeks "access to the technology to Appeal from

---

[2] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted.  Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996).  A motion to strike should therefore not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation.  Lilley v. Charren, 936 F.Supp. 708, 713 (N.D. Cal. 1996).

[3] Plaintiff's motion is noticed for hearing before the undersigned on June 5, 2020.  However, the undersigned finds that plaintiff's motion may be resolved without a hearing pursuant to Local Rule 230(g).

Sacramento[.]" (Id. at 1.)  This matter, however, is not on appeal.  Moreover, plaintiff's motion does not acknowledge the applicable Local Rules concerning electronic filing.  Accordingly, the undersigned is concerned that plaintiff may not be aware of this court's requirements for electronic filing.  See generally Local Rules 131, 133, 137, 140, & 141.  Plaintiff's motion, therefore, will be denied without prejudice to filing a renewed motion that acknowledges plaintiff has reviewed the court's Local Rules and requirements for electronic filing.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's December 16, 2019 motion to dismiss (ECF No. 20) is granted;

2. The complaint filed January 9, 2019, (ECF No. 1) is dismissed with leave to amend;

3. Within sixty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[4]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

4. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed;

5. Plaintiff's October 15, 2019, motion for an attorney (ECF No. 6) is denied without prejudice to renewal;

6. Plaintiff's November 13, 2019 motion for contempt (ECF No. 8) is denied;

7. Plaintiff's November 19, 2019 motion for sanctions (ECF No. 10) is denied;

8. Plaintiff's January 10, 2020 motion to strike (ECF No. 28) is denied;

9. Plaintiff's January 10, 2020 motion re service (ECF No. 29) is denied;

////
////
////
////

---

[4] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

10. Plaintiff's March 12, 2020 amended motion to file electronically (ECF No. 37) is denied without prejudice; and

11. The June 5, 2020 hearing of plaintiff's motion is vacated.

DATED: May 18, 2020                     /s/ DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/francis0060.mtd.ord