UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD H. FRANCIS, | No. 2:19-cv-0060 MCE DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LOS RIOS COMMUNITY COLLEGE DISTRICT, | |
| Defendant. | |

Plaintiff Richard Francis is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike pursuant to Rule 12(f). (ECF No. 48.) For the reasons stated below, the undersigned recommends that defendants' motion to dismiss be granted and plaintiff's amended complaint be dismissed without further leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se and in forma pauperis, commenced this action on January 19, 2019. (ECF Nos. 1-3.) On May 19, 2020, the undersigned dismissed plaintiff's complaint and granted plaintiff leave to file an amended complaint. (ECF No. 40.) Plaintiff filed an amended complaint on July 13, 2020.

1

1    Therein, plaintiff alleges that in the fall of 2018 plaintiff enrolled in "an on-line,
2 Administration of Justice class" offered through defendant Los Rios Community College District,
3 ("District"). (Am. Compl. (ECF No. 45) at 17.[1]) Plaintiff was eventually "suspended for two
4 years" because plaintiff "opposed the themes proposed by Michelle Alexander, a black activist,
5 who authored The New Jim Crow." (Id. at 18.) The amended complaint alleges that the
6 suspension violated plaintiff's rights under "both the 14th and 9th Amendments to the U.S.
7 Constitution," as well as under the "First Amendment[.]" (Id. at 7.)
8    On July 13, 2020, plaintiff also filed a document entitled "COMPLAINT AND
9 REQUEST FOR INJUNCTION," in which plaintiff alleges the "events that gave rise to
10 plaintiff's civil rights" claim occurred when "Dean Molina" issued plaintiff a "Notice of
11 Disciplinary Action" and stated that plaintiff "must prove he completed some kind of unspecified
12 vague, RACE SENSITIVITY TRAINING CLASS[.]" (ECF No. 46 at 5.) Plaintiff "was
13 suspended according to Molina's recommendation by Sacramento City College President,
14 Michael Gutierrez[.]" (Id.) These allegations were repeated in a document plaintiff filed entitled
15 "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS."[2] (ECF No. 47.)
16    On August 27, 2020, defendant District, as well as defendants Michael Gutierrez and
17 Miguel Molina filed the pending motion to dismiss. (ECF No. 48.) Plaintiff filed an opposition
18 on September 10, 2020. (ECF No. 49.) Defendants filed a reply on September 25, 2020. (ECF
19 No. 50.) The undersigned took defendants' motion to dismiss under submission on September
20 28, 2020. (ECF No. 51.)

21                                **STANDARDS**

22 **I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

23    The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
24 sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The filing of multiple amended "complaints" violates Local Rule 220 which requires that any amended complaint be complete in itself.

2

1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

1  **II.    Legal Standards Applicable to Motions to Strike Pursuant to Rule 12(f)**

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by* Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992). Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation. Fantasy, Inc., 984 F.2d at 1527. "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

Ultimately, whether to grant a motion to strike applying these standards lies within the sound discretion of the district court. Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[3]

**ANALYSIS**

**I.    Defendants' Motion to Dismiss**

Here plaintiff is alleging that defendants' suspension of plaintiff in response to essays plaintiff published violated plaintiff's rights under the First, Ninth and the Fourteenth Amendment.[4]  (Am. Compl. (ECF No. 45) at 6-7; ECF No. 46 at 4; ECF No. 47 at 4.)

---

[3] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted. Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should therefore not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation. Lilley v. Charren, 936 F.Supp. 708, 713 (N.D. Cal. 1996).

[4] Defendants' motion to dismiss begins by asserting that "the District cannot be sued" pursuant to

**A.     First Amendment**

"[I]t is 'clear that students do not shed their constitutional rights to freedom of speech or expression at the schoolhouse gate.'" Oyama v. University of Hawaii, 813 F.3d 850, 861 (9th Cir. 2015) (quoting Morse v. Frederick, 551 U.S. 393, 396 (2007)). "At the same time, however, '[a] school need not tolerate student speech that is inconsistent with its 'basic educational mission,' even though the government could not censor similar speech outside the school.'" Oyama, 813 F.3d at 861 (quoting Hazelwood School Dist. v. Kuhlmeier, 484 U.S. 260, 266 (1988)); see also LaVine v. Blaine School Dist., 257 F.3d 981, 988 (9th Cir. 2001).

Thus, "'educators do not offend the First Amendment by exercising editorial control over the style and content of student speech in school-sponsored expressive activities so long as their actions are reasonably related to legitimate pedagogical concerns.'" Brown v. Li, 308 F.3d 939, 949 (9th Cir. 2002) (quoting Hazelwood, 484 U.S. at 237).

> The undoubted freedom to advocate unpopular and controversial views in schools and classrooms must be balanced against the society's countervailing interest in teaching students the boundaries of socially appropriate behavior. Even the most heated political discourse in a democratic society requires consideration for the personal sensibilities of the other participants and audiences.

Bethel School Dist. No. 403 v. Fraser, 478 U.S. 675, 681 (1986).

Accordingly, "schools may restrict speech that 'might reasonably [lead] school authorities to forecast substantial disruption of or material interference with school activities' or that collides 'with the rights of other students to be secure and to be let alone.'" Wynar v. Douglas County School Dist., 728 F.3d 1062, 1070 (9th Cir. 2013) (quoting Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 508 (1969)). And "it is a highly appropriate function of

////

---

42 U.S.C. § 1983. (Defs.' MTD (ECF No. 48) at 12.) The District, however, can be sued pursuant to § 1983 based on Monell liability. See Doe v. Pasadena Unified School District, 810 Fed. Appx. 500, 505 (9th Cir. 2020) ("Doe does not point to any school district policy that amounted to 'deliberate indifference' to her constitutional rights and does not explain how outstanding discovery could contain such evidence."); Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004) ("A school district's liability under Monell may be premised on any of three theories[.]"). Plaintiff's filings, however, fail to allege a Monell violation.

public school education to prohibit the use of vulgar and offensive terms in public discourse." Fraser, 478 U.S. at 683.

Here, "[t]he events that gave rise to plaintiff's claim occurred . . . because of essays submitted for assignments from an on-line class" that resulted in plaintiff's suspension from the college. (ECF No. 47 at 4.) Plaintiff's essays were apparently published to a student "discussion board." (Pl.'s Reply (ECF No. 49) at 10-11.) Plaintiff attached copies of those essays to the original complaint filed on January 9, 2019.[5] Review of plaintiff's essays finds that they are replete with racist, offensive, and threatening language.

For example, plaintiff wrote that it was "easy to integrate CRACK cocaine into that supply and demand circuit, which was long established by . . . the Jew Boys[.]" (ECF No. 1 at 16.) That plaintiff is "prepared to try and kill my assailants" and the "last thing I want to have to worry about is the jury being packed with Black, ex-convicts, who are aware that I killed one of their 'brothers' as they call one another." (Id. at 17.)

That this is "an Anglo-American Society and culture, and there is no way in the White Devil's Hell that this place should be given over to the control of: 1) descendants of its ex-slaves, 2) wet-backs, and 3) multicultural economic immigrants." (Id.) That "little Black girls" are "getting pregnant at 13-years old," having "8-kids from different sires," to "make more babies than Whites in this race war." (Id.) That "Blacks will seek to dominate Whites, whereas Whites just wish to be left alone . . . instead of being victimized by Blacks." (Id. at 18.)

Plaintiff also asserted that "[p]erhaps Black women should be issued to every White Man to support, and White women dispersed to all the Brothers in an effort to force miscegenation[.]" (Id. at 19.) That "[p]ublic safety is protected by getting Blacks out of society and into structured

---

[5] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

6

environments[.]"  (Id. at 20.)  That "White inmates needs to be segregated for their safety" to avoid being "sodomized and wrongfully exposed to AIDS from being raped by the apes."  (Id.)  That it "takes three generations from a Wet-back ancestor to become a Mexican-American."  (Id. at 21.)  That "Jew Boys" are "Hebrew-American, middle men" who "make their profits from buying stolen property at low prices and selling high."  (Id.)

Given the nature of plaintiff's statements—and even construing plaintiff's allegations in the light most favorable to plaintiff—the undersigned finds that the amended complaint fails to state a claim for the violation of the First Amendment.  See Fraser, 478 U.S. at 685 ("School District acted entirely within its permissible authority in imposing sanctions upon Fraser in response to his offensively lewd and indecent speech"); Tinker, 393 U.S. at 508 (speech cannot violate "rights of other students to be secure and to be let alone"); C.R. v. Eugene School District 4J, 835 F.3d 1142, 1148 (9th Cir. 2016) ("We uphold a school's disciplinary determinations so long as the school's interpretation of its rules and policies is reasonable, and there is evidence to support the charge.").  Accordingly, defendants' motion to dismiss this claim should be granted.

**B.    Ninth Amendment**

Plaintiff asserts that the "9th Amendment applies to plaintiff's case because plaintiff has the right to expect a continuity of truthful word to enforce damages against infringement of his LIBERTY to speak his mind and write provocative essays."  (Am. Compl. (ECF No. 45) at 12.)  The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. Amend. IX.

However, "the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim."  Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986); see also Schowengerdt v. U.S., 944 F.2d 483, 490 (9th Cir. 1991) ("Schowengerdt's ninth amendment argument is meritless, because that amendment has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation").

Accordingly, defendants' motion to dismiss this claim should be granted.

////

### C. Fourteenth Amendment

Plaintiff's filings refer to a violation of the "14th Amendment" based on "Selective Incorporation." (ECF No. 47 at 4.) "[T]he Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" Dusenbery v. U.S., 534 U.S. 161, 167 (2002). To state a due process violation a plaintiff "must plausibly allege: '(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.'" Franceschi v. Yee, 887 F.3d 927, 935 (9th Cir. 2018) (quoting Hufford v. McEnaney, 249 F.3d 1142, 1150 (9th Cir. 2001)). Here, plaintiff's vague and conclusory refences to the Fourteen Amendment fail to identify a constitutionally protected liberty interest or state how plaintiff was denied adequate procedural protections.

Moreover, "[t]he essence of procedural due process is that 'individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" Franceschi, 887 F.3d at 935 (quoting Dusenbery, 534 U.S. at 167). Here, plaintiff's filings state that plaintiff was provided "a Notice of Disciplinary Action," and that "Administrative Law procedures and appeals were fully exploited" prior to plaintiff's suspension. (ECF No. 46 at 5.)

Plaintiff also filed a copy of a document entitled "NOTICE OF DISCIPLINARY ACTION TWO YEAR SUSPENSION RE: Incident Date-September 12, 2018." (Compl. (ECF No. 1) at 25.) That document states that prior to the suspension, plaintiff met with the Sacramento City College Behavior and Social Science Dean, the Counseling and Student Success Dean, the Los Rios Community College District Police Officer, and the Student Discipline Officer to "discuss this matter[.]" (Id.)

At that meeting plaintiff was provided "with a copy of . . . rights and responsibilities" and the participants "explained the charge to" plaintiff. (Id.) Plaintiff was also provided a chance "to comment[.]" (Id.) Plaintiff responded, in part, that plaintiff "did not care" if the postings "created a hostile and offensive learning environment[.]" (Id.) Plaintiff also "used the name Tyrone when speaking about blacks and continued to talk about killing of others being justified if a jury was all white." (Id.)

////

8

Accordingly, the undersigned finds that plaintiff has failed to state a claim for violation of the Fourteenth Amendment and recommends that defendants' motion to dismiss this claim be granted.[6]

## II.     Further Leave to Amend

The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the deficiencies noted above the undersigned finds that it would be futile to grant plaintiff further leave to amend.  Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' August 27, 2020 motion to dismiss (ECF No. 48) be granted;

2. The amended complaint filed July 13, 2020 be dismissed without further leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.

////

---

[6] In light of this recommendation the undersigned finds it unnecessary to reach defendants' motion to strike.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 8, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/francis0060.mtd.f&rs